IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA STEWART, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 2:17-cv-171-KS-MTP |
| | * | |
| SAM'S WEST, INC., D/B/A SAM'S CLUB | * | |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |

## NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

Defendant, SAM'S WEST, INC., (hereinafter referred to as "SAM'S"), gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Lamar County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division. As grounds for this removal, Defendant would show as follows:

1. An action was commenced against SAM'S in the Circuit Court of Lamar County, Mississippi, entitled *"Melissa Stewart*, Pla*intiff v. Sam's West, Inc., d/b/a Sam's Club"* Civil Action No. 37:17CV089AM. The complaint attached hereto as "Exhibit A" was filed in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Lamar County, Mississippi, service of the initial pleading setting forth Plaintiff's claims for relief was affected upon Defendant on September 21, 2017, which was SAM'S first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Eastern Division, within thirty days of receipt by the Defendant of the initial pleading setting forth the claim for relief upon which Plaintiff's action is based in accordance with 28 U.S.C. § 1446(b)(1). The Circuit Court of Lamar County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Mississippi. In her Complaint, Plaintiff states that she is a resident of Mississippi. (Complaint, ¶ I.)

6. Defendant Sam's West, Inc., is now and was at the commencement of this action, organized under the laws of the State of Arkansas, with its principal place of business in Arkansas. Sam's West, Inc., is now and was at the commencement of this action, a wholly owned subsidiary of Wal-Mart Stores, Inc. Wal-Mart Stores, Inc. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a publicly traded company incorporated under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas.

7. Plaintiff's Complaint seeks compensatory damages for personal injuries Plaintiff allegedly sustained when slipped on a substance on the floor at SAM'S (Complaint, ¶ III). Plaintiff alleges she sustained "severe and excruciating injuries" which have required medical care and treatment, past and future, past and future pain and suffering, past and future medical expenses, and lost wages; and seeks damages in excess of five hundred thousand dollars ($500,000.00) (Complaint, ¶ VI and unnumbered

paragraph following¶ VII). Diversity is complete, and the amount in controversy exceeds $75,000.00, exclusive of costs and interests.

8.  This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

9.  Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Lamar County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

10. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted this October 16, 2017.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET MS 8840
wpd@delmar-law.com
CHAD C. MARCHAND MS 102752
ccm@delmar-law.com
MIGNON M. DELASHMET  MS 2896
mmd@delmar-law.com
Attorneys for Defendants

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:   (251) 433-1577
Facsimile:    (251) 433-1578

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 16th, day of October, 2017, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Al Shiyou
Shiyou Law Firm
Post Office Box 310
Hattiesburg, MS 39403

David F. Myers
David A. Myers, P.A.
P.O. Box 43
Hattiesburg, MS 39403

/s/W. Pemble DeLashmet
OF COUNSEL